UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| WILLIAM SCHNEIDER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:18-CV-00447-JRG-DCP |
| THOMAS KELLY, DUSTIN DAUGHTERY, RICKY GARDENER, TOSHIA RIDENOUR, JEFF BEARD, and DARIOUS YOUNG, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a pro se prisoner's civil rights action filed under 42 U.S.C. § 1983. Now before the Court is Plaintiff's motion for a temporary restraining order, to amend his complaint, for a change in venue, and for affidavits, medical records, and video evidence [Doc. 28[1]]. The Court will address these requests for relief in turn.

### I. TEMPORARY RESTRAINING ORDER

First, Plaintiff asks that the Court send him a temporary restraining order ("TRO") for Defendants [Doc. 28 at 1]. Plaintiff sets forth no factual assertions or legal arguments in support of this bare request.

The moving party has the burden of proving that the circumstances "clearly demand" a temporary restraining order. *Overstreet v. Lexington-Fayette Urban Cty. Gov't.,* 305 F. 3d 566,

---

[1] Plaintiff did not sign his original motion setting forth most of these requests for relief [Doc. 10]. As such, the Court directed the Clerk to send Plaintiff a copy of the motion to sign [Doc. 27]. When Plaintiff returned a signed copy of his motion, however, he added two new requests for relief [Doc. 28 at 2]. Accordingly, the Clerk will be **DIRECTED** to terminate Plaintiff's original motion [Doc. 10] and the Court will address the supplement [Doc. 28], which contains all of Plaintiff's requests for relief, in this order.

573 (6th Cir. 2002). The court must balance the following factors in deciding whether to issue a temporary restraining order: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *City of Pontiac Retired Emps. Ass'n v. Schimmel,* 751 F. 3d 427, 430 (6th Cir. 2014).

Plaintiff has not met his burden to establish that he is entitled to a TRO. As to the first factor, nothing in the record establishes that Plaintiff has a strong likelihood of success on the merits at this time. Likewise, nothing in the record suggests that Plaintiff is under any real threat of immediate, irreparable injury.

Next, as to the third factor, it is unclear what Plaintiff seeks to temporarily restrain Defendants from doing through issuance of a TRO. To the extent that Plaintiff seeks to keep Defendants a certain distance from him, however, Plaintiff is still incarcerated in the prison at which the incident underlying his complaint occurred, which is where Defendants work [Doc. 1 at 2–3]. Accordingly, granting Plaintiff a general temporary restraining order against all Defendants would likely cause substantial harm to the jail administrator's ability to house Plaintiff.

Similarly, to the extent that Plaintiff seeks a TRO to keep Defendants a certain distance from him, the last factor also weighs against Plaintiff's request, as intervention in prison operations without a compelling reason to do so is against public policy. *Glover v. Johnson*, 855 F.2d 277 (6th Cir. 1988) (setting forth public policy concerns regarding court interference with jail administration and holding that courts should not "attempt to administer any portion of a state correctional system program except in the most compelling situations"). Accordingly, Plaintiff's request for a temporary restraining order will be **DENIED**.

## II. MOTION TO "ADMIN CIVIL CASE"

Under the title "motion to admin civil case," Plaintiff alleges that he was unaware of the process and procedures in his case and that he has subpoenas for internal affairs, sick calls, notary fees, grievances, and written documents from himself "from [the] date of incident" in which he was fed an empty tray and forced to sleep on a metal bunk without a blanket for seventy-two hours [Doc. 28 at 1]. Plaintiff also alleges that a disciplinary report regarding this incident which states that he assaulted the staff is inaccurate because staff choked him first [*Id.*].

It is unclear what, if any, relief Plaintiff seeks from the Court based on these assertions and his request to "admin civil case." To the extent that Plaintiff is notifying the Court that he has documents regarding the incident underlying his complaint, it is not the time for presentation of evidence. Thus, any request for relief from the Court based on these allegations will be **DENIED**.

## III. CHANGE IN VENUE

Plaintiff also states in his motion that he requests a "change in venue" for himself [Doc. 28 at 1]. Again, it is unclear what relief Plaintiff seeks from the Court based on this request. To the extent Plaintiff requests that the Court order Plaintiff transferred to a different jail, however, any such request is improper. *Glover v. Johnson*, 855 F.2d 277 (6th Cir. 1988) (setting forth public policy concerns relating to court intrusion into jail administration matters and holding that courts should not "attempt to administer any portion of a state correctional system program except in the most compelling situations"). Accordingly, this request will be **DENIED**.

## IV. AFFIDAVITS, MEDICAL RECORDS, AND VIDEO FOOTAGE

Plaintiff next requests that the Court assist him by forwarding affidavits to two inmates so that they may fill them out and return them to the Court, as Plaintiff does not know the prison number of one of the inmates [*Id.* at 2]. Nothing in the record suggests, however, that Plaintiff

3

could not obtain the information he needs from Defendants through discovery such that he could personally obtain these affidavits. Likewise, as to Plaintiff's request for his medical records and/or relevant video footage [*Id.*], nothing in the record before this Court indicates that Plaintiff could not obtain these items from Defendants through discovery. As such, these requests will be **DENIED**.

## V. CONCLUSION

For reasons set forth above, the Clerk is **DIRECTED** to terminate Plaintiff's motion for temporary restraining order, motion for discovery, affidavits, and subpoenas, and motion to change venue [Doc. 10]. Also, the supplement thereto containing all of Plaintiff's requests for relief [Doc. 28] is **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
