UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WILLIAM SCHNEIDER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:18-CV-00447-JRG-DCP ) |
| THOMAS KELLY, TOSHIA RIDENOUR, JEFF BEARD, and DARIUS YOUNG, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983. Defendants Kelly, Ridenour, and Beard have filed a motion seeking summary judgment in their favor due to Plaintiff's failure to exhaust his administrative remedies for the claims in his complaint as required by the Prison Litigation Reform Act ("PLRA") [Doc. 44]. Plaintiff has not filed a response thereto, and his time for doing so has passed. *See* E.D. Tenn. L.R. 7.1. Upon consideration of the pleadings, the competent evidence, and the applicable law, the Court finds that this motion [*Id.*] should be **GRANTED**. Also, for the reasons set forth below, Defendant Young will be **DISMISSED without prejudice** pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Accordingly, this action will be **DISMISSED without prejudice**, as no Defendant or claims will remain.

### I. MOTION FOR SUMMARY JUDGMENT

#### A. STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary

judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010). However, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the court is required to, at a minimum, examine the motion to ensure that the movant has met its initial burden. *Id*. In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). The court must "intelligently and carefully review the legitimacy of [] an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Id.*

### B.  COMPLAINT ALLEGATIONS

Plaintiff alleges that on August 14, 2018, Defendants Kelly, Beard, and Young assaulted him, and Defendant Ridenour witnessed these assaults but did not intervene [Doc. 1 at 3–4].

### C.  ANALYSIS

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This prerequisite requires "proper exhaustion" of prisoners' administrative remedies for all claims. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). As such, prisoners must

complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88.

To properly exhaust his claims, a prisoner must utilize every step of the prison's procedure for resolving his grievance and follow the "'critical procedural rules'" in a manner that allows prison officials to review and, where necessary, correct the issues set forth in the grievance "'on the merits.'" *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Woodford*, 548 U.S. at 81, 95)). "There is no uniform federal exhaustion standard [and] [a] prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

In his sworn complaint, Plaintiff admits that there is a prisoner grievance procedure at the Morgan County Correctional Complex ("MCCX"), where he has been incarcerated at all times relevant to this matter, and alleges that he presented the facts relating to his complaint in that prisoner grievance procedure but had not received a response thereto [Doc. 7 at 2]. However, this contention is contradicted by the affidavit of John Evans, Grievance Chairperson for MCCX, which Defendants filed in support of their motion for summary judgment, in which Mr. Evans testifies that Plaintiff only submitted one grievance after the 2018 incident underlying Plaintiff's complaint and this grievance had nothing to do with the incident underlying the complaint or any Defendant named in this action [Doc. 49 at 15–16]. Mr. Evans also attached sworn copies of Plaintiff's grievance records supporting this testimony [*Id.* at 29–36].

Defendants also filed proof that the applicable grievance procedure at MCCX at the time of the incident underlying Plaintiff's complaint required inmates to file a grievance within seven days of the incident underlying the grievance [*Id.* at 17–18]. Thus, even accepting as true Plaintiff's testimony that he filed multiple grievances regarding the incident underlying his complaint, the undisputed record establishes that these grievances did not comply with the

3

applicable grievance procedures, as Plaintiff specified that he filed his first grievance regarding the incident underlying his complaint approximately thirty to forty-five days after the incident and that the responses he got to these grievances stated that they were filed too late [*Id.* at 7–8].

Accordingly, Defendants Kelly, Ridenour,[1] and Beard have met their burden to establish that the proof in the record establishes that no reasonable jury could find that Plaintiff properly exhausted his available administrative remedies for the incident underlying his complaint prior to filing the instant suit as the PLRA requires, and they are entitled to summary judgment.

## II. DEFENDANT YOUNG

On November 30, 2018 a summons for Defendant Young was returned "unexecuted" with a notation indicating that this Defendant was "not employed" at MCCX, the address to which it was sent [Doc. 15 at 1; Doc. 15-1 at 1]. Although Plaintiff never requested issuance of another summons or provided any additional information for this Defendant, on April 3, 2020, the Court entered an order requiring the Attorney General for the State of Tennessee to provide any information to which he had access that may help the United States Marshal to effectuate service on Defendant Young and stating that this information should be filed under seal with the Court within ten (10) days after entry of that order [Doc. 50 at 1–2]. The Court also notified Plaintiff that if the United States Marshal was unable to serve Defendant Young pursuant to that order, this Defendant would be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure [*Id.* at 2].

In response to this order, the Attorney General filed a notice with the Court indicating that no individual named Darius Young has been employed by the Tennessee Department of Correction

---

[1] Defendant Ridenour also presented undisputed proof that she does not match Plaintiff's sworn description of the female individual he alleges in his complaint witnessed the relevant assaults on him but did not intervene [Doc. 49 at 9–11, 12–14]. Regardless, however, as the undisputed proof in the record establishes that Plaintiff did not exhaust his available administrative remedies as to any Defendant, the Court will grant Defendants' motion for summary judgment on this ground.

4

[Doc. 51]. Accordingly, despite the best efforts of Plaintiff, the United States Marshals Service, the Court, and the Attorney General, no service has been accomplished for this Defendant. Thus, Defendant Young will be **DISMISSED without prejudice** pursuant to Rule 4(m).

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment [Doc. 44] will be **GRANTED**, Defendant Young will be **DISMISSED without prejudice**, and this action will be **DISMISSED without prejudice**.

Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and that Plaintiff should be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE